IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

NORTHERN DISTRICT OF TEXAS
FILED
OCT 29 2014
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| NELDA DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-491-A |
| | § | |
| THE CITY OF FORT WORTH, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION
### and
### ORDER

Before the court for consideration is the motion to dismiss for failure to state a claim filed September 10, 2014, by defendants WGH Heritage, Inc., Westchester Prime Management, LLC, Brian Jeffry Bryant, and Phoenix Health Resources, Inc. ("Phoenix") (sometimes collectively referred to as "Defendants"). After having considered such motion, the allegations of plaintiff's second amended complaint, the entire record of this action to the extent pertinent to such motion, and applicable legal authorities, the court has concluded that such motion should be granted and that all claims and causes of action asserted by plaintiff, Nelda Davis, against Defendants should be dismissed for failure to state a claim upon which relief may be granted.

I.

## History of Litigation as to Defendants

This action was instituted by plaintiff in the County Court at Law No. 1 of Dallas County, Texas, by the filing of her original complaint on April 4, 2014.[1] All Defendants other than Phoenix were named as defendants in the original complaint.

On May 7, 2014, the action was removed to this court's Dallas Division by notice of removal filed by the City of Fort Worth ("City"), which was named as a defendant. By order issued June 25, 2014, the judge in the Dallas Division to whom the case was assigned ordered the case transferred to the Fort Worth Division pursuant to the authority of 28 U.S.C. § 1404(a), where the case was assigned to the docket of the undersigned.

On July 3, 2014, the court issued an order directing plaintiff to file an amended complaint that complied with the requirements of the Federal Rules of Civil Procedure. The order called plaintiff's attention in particular to the pleading requirements articulated by the Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 669 (2009). Plaintiff filed her first amended complaint on July 11, 2014.

---

[1] Texas state court practice refers to the plaintiff's pleading as a "petition." Consistent with federal practice, the court is referring to plaintiff's pleading as a "complaint."

Defendants (other than Phoenix) filed their motion to dismiss the claims asserted against them by plaintiff in her first amended complaint on the ground that the first amended complaint failed to state a claim against them upon which relief could be granted. The grounds of that motion were essentially the same as the grounds of the motion now before the court for decision. Plaintiff filed a brief in opposition to Defendants' (other than Phoenix) motion to dismiss on August 14, 2014. In that document, plaintiff urged the court that if the court were inclined to grant the motion to dismiss, plaintiff be permitted to cure any pleading defects by the filing of another amended complaint.

Other defendants in this action, City and Officers Dacian Halmagean ("Halmagean") and Amy Olson ("Olson"), also filed motions to dismiss the claims asserted against them in the first amended complaint on the ground that it failed to state a claim against any of them upon which relief may be granted.

Before the court had an opportunity to rule on any of the motions to dismiss the claims asserted in the first amended complaint, plaintiff filed on August 30, 2014, her motion for leave to file a second amended complaint in which she added Phoenix as a defendant along with all persons and entities who had been named as defendants in each of the previously filed

3

versions of her complaint. An order granting the motion for leave to amend was issued August 26, 2014, and the second amended complaint was filed on that date, thus rendering moot the motions to dismiss directed to the first amended complaint.

On September 10, 2014, Defendants filed their motion to dismiss for failure to state a claim upon which relief may be granted that is now before the court for consideration and decision. Plaintiff filed her brief in opposition to that motion on October 1, 2014.

II.

Nature of the Claims Alleged by Plaintiff
in Her Second Amended Complaint

Most of the allegations in the second amended complaint are directed against City, Halmagean, and Olson. She alleged that when Halmagean and Olson, as officers with the Fort Worth Police Department, responded to plaintiff's 911 call complaining of the presence at the premises where she was employed of an unwelcome person, they conducted themselves inappropriately, and ultimately caused her to be injured and restrained for a period of time. The complaints against the officers perhaps can be best summed up by the following allegations contained in the twenty-three page second amended complaint:

> 40. Acting in their official capacities, under color of state law, and within the course and scope of

4

>their employment as police officers, and without just cause or provocation, Defendants Halmagean and Olson seized Plaintiff Nelda Davis by apprehending her, placing her in handcuffs, and detaining her in the back of the squad car under the false justification that Plaintiff assaulted a police officer. . . .
>
>   41.   Plaintiff suffered an injury -- her left arm was shattered and she has severe and permanent nerve damage.
>
>   42.   Plaintiff's injury resulted directly as result of the unreasonable seizure.
>
>   43.   The seizure clearly unreasonable, as Plaintiff had not committed a crime, Plaintiff was not in the possession of a weapon, Plaintiff was never charged with a crime, and Defendants Halmagean and Olson had no probable cause to believe that Plaintiff had committed a crime.
>
>   44.   As a direct result of Officers Halmagean and Olson's unlawful seizure of Plaintiff, which was performed under color of state law, Plaintiff suffered grievous bodily harm and was deprived of her right to be free from unreasonable seizure in violation of her rights under the Fourth Amendment to the Constitution of the United States of America and 42 U.S.C. § 1983.
>
>   45.   The acts of Officers Halmagean and Olson, as set forth above, were intentional, wanton, malicious, evil, and oppressive, or exhibited a reckless indifference to the federally protected rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against Officers Halmagean and Olson in order to punish Officers Halmagean and Olson and to deter them and others similarly situated from like conduct in the future.

2d Am. Compl. at 9-10.  Plaintiff's claims against City were based on City's alleged failure to instruct, supervise, control, or discipline Officers Halmagean and Olson.

5

Plaintiff's theories of recovery against Halmagean and Olson were (1) excessive force under the Fourth Amendment and 42 U.S.C. § 1983, (2) unreasonable seizure under the Fourth Amendment and 42 U.S.C. § 1983, (3) assault and battery on the part of Halmagean and Olson,[2] and (4) failure on the part of Halmagean and Olson to render medical care to plaintiff.

After devoting thirteen pages of the second amended complaint to her claims against City and the police officers, plaintiff devoted slightly more than four pages of her complaint to her attempts to state a claim against Defendants. The claims asserted by plaintiff against Defendants were based on two pleaded theories, (1) negligence, and (2) premises liability. She alleged that Defendants were liable to her because they did

---

[2] In support of the assault and battery claims against Halmagean and Olson, plaintiff made the following allegations:
    49. Officers Halmagean and Olson assaulted and battered Plaintiff Nelda Davis by breaking her arm in several places and causing extensive nerve damage.
    50. The assault and battery of Plaintiff was unlawful and unjustified and without provocation or just excuse. On information and belief, Officers Halmagean and Olson acted with malice and in bad faith, with a reckless, wanton, and willful disregard of Plaintiff's rights, such that Defendants are not entitled to official immunity.
    51. As a result of the assault and battery, Plaintiff sustained damages including actual, compensatory, consequential, and special damages, including , but not limited to, the following: past and future pain and suffering; past and future mental anguish; pecuniary loss; past and future medical expenses; loss of future earning capacity; loss of household services; and physical disfigurement.
    52. Officers Halmagean and Olson acted intentionally, knowingly, or recklessly when they broke Plaintiff's arm.
    53. Defendants Halmagean and Olson's assault and battery of Plaintiff was unwarranted and manifested a conscious indifference to and reckless disregard for the rights of Plaintiff, thereby entitling Plaintiff to punitive damages to punish and deter these defendants and others similarly situated from like conduct in the future.
2d Am. Compl. at 13-14.

not prevent her from being injured by the police officers who responded to her 911 call and that the failure of Defendants to protect her from the police officers caused the premises where the police officers caused injury to her not to be in a safe condition, with the consequence that Defendants, or some of them, violated a duty they had to exercise ordinary care to all invitees to keep the premises in a reasonably safe condition.

## III.

## Analysis

A. <u>Applicable Pleading Standards</u>

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests, <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. <u>Twombly</u>, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as

7

true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 669 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

B.  Plaintiff's Claims Against Defendants are Implausible, and Should be Dismissed

Not only are plaintiff's claims against Defendants implausible, they are frivolous. To suggest that an employer and the owner of premises should be held liable to an employee on the premises for injuries suffered at the hands of police officers who came to the premises to assist the injured party in response

8

to a 911 call made by the injured party to the police department requesting assistance defies reason and common sense.

For plaintiff to prevail on her negligence claim against Defendants, she would have to allege facts establishing that Defendants owed her a duty to prevent the injury of which she complains, that they breached that duty, and that her damages were proximately caused by that breach of duty. See Kroger Co. v. Elwood, 197 S.W.3d 793, 794 (Tex. 2006); Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 477 (Tex. 1995). Employers are not insurers of their employees. See Kroger Co., 197 S.W.3d at 795. The distinction between a negligence claim and a premises liability claim was explained by the Texas Supreme Court in State v. Shumake as follows:

> A negligent activity claim requires that the claimant's injury result from a contemporaneous activity itself rather than from a condition created on the premises by the activity; whereas a premises defect claim is based on the property itself being unsafe.

199 S.W.3d 279, 284 (Tex. 2006).

The elements of a premises liability claim are defined by Texas courts as follows:

> When the injured party is an invitee, the essential elements of a premises liability claim are: (1) actual or constructive knowledge of some condition on the premises by owner or occupier; (2) that the condition posed an unreasonable risk of harm; (3) that the owner or occupier did not exercise reasonable care to reduce or eliminate the unreasonable risk of harm; and (4)

> that the owner or occupier's failure to use reasonable care to reduce or eliminate the unreasonable risk of harm proximately caused the plaintiff's injury.

Zook v. Brookshire Grocery Co., 302 S.W.3d 452, 455 (Tex. App.--Dallas 2009, no writ).

Notably, both a negligence claim and a premises liability claim include as an essential element establishment that the plaintiff's injuries were proximately caused by a breach of duty owed by the defendant to the plaintiff. The components of the "proximate cause" element of negligence and premises liability causes of action are "cause in fact and foreseeability." Doe, 907 S.W.2d at 477. "The test for cause in fact is whether the negligent act or omission was a substantial factor in bringing about injury, without which the harm would not have occurred." Id. (internal quotation marks omitted). "Cause in fact is not shown if the defendant's negligence did no more than furnish a condition which made the injury possible." Id. The alleged negligence must be "the proximate and not the remote, cause of resulting injuries . . . ." Id. (internal quotation marks omitted). Cause is not established if the conduct of the defendant is "too attenuated from the resulting injuries to the plaintiff to be a substantial factor in bringing about the harm." IHS Cedars Treatment Ctr. of DeSoto v. Mason, 143 S.W.3d 794, 799 (Tex. 2004).

10

Plaintiff has failed to plead facts that, if accepted as true, would state a claim by plaintiff against Defendants under either a negligence theory or a premises liability theory. She has failed to allege any facts from which the inference could be drawn that Defendants owed her a duty to protect her from injury by the police officers who came to her assistance in response to her 911 call. Nor has she pleaded any facts from which, if believed, the inference could be drawn that anything Defendants did or failed to do, or any condition on the premises where plaintiff was situated when she allegedly was injured, proximately caused her injury. Neither the "foreseeability" element nor the "cause-in-fact" element of proximate cause is satisfied by any facts alleged in the second amended complaint. Put another way, plaintiff has failed to allege a plausible right of relief against any of Defendants.

IV.

### The Court is Not Authorizing Plaintiff to File Another Amended Complaint

Though the titles of her filings made no mention of a request for leave to amend, plaintiff put at the tail-ends of her response and supporting brief a request that, if the court grants all or part of Defendants' motion for summary judgment, the court grant "Plaintiff leave to file an amended complaint in order to

cure any specific pleading defects identified by the Court." Resp. at 2, ¶ 3; Br. in Opp'n at 14. The court has multiple reasons for denying that request.

While the Local Civil Rules of this court authorize a filed document to contain more than one pleading, motion, or other paper, any such document "must clearly identify each included pleading, motion, or other paper in its title." Local Civil Rule LR 5.1(c). That Rule was violated by plaintiff's requests for an opportunity to file a third amended complaint. Nor did plaintiff tender a proposed third amended complaint to be filed if leave were to be granted, as required by Local Civil Rule LR 15.1(A). Moreover, the court cannot imagine anything plaintiff could plead in a third amended complaint that would cause the pleading to survive yet another motion to dismiss for failure to state a claim against Defendants. Plaintiff has offered no suggestion as to what another pleading filed by her would accomplish as against Defendants.

Furthermore, plaintiff has had more than a fair opportunity to plead her best case against Defendants. After the case was removed, she was ordered to replead in compliance with the Twombly and Iqbal standards. Following plaintiff's repleading, all defendants moved for dismissal, pointing out to plaintiff her pleading defects. She moved to again replead for the purpose of

curing those defects, and the court granted her leave to do so (even though Defendants had already incurred the expense related to their motion to dismiss). Defendants moved again to dismiss, this time directed to plaintiff's second amended complaint. She still did not tender a proposed amended complaint that would cure the pleading defects. Not until after defendants again went to the expense of preparing and filing motions to dismiss the second amended complaint did plaintiff again broach the subject of a third amended complaint. Even then, she failed to suggest what another amended complaint might say, nor did she comply with the Local Rules relative to such request for leave.

Therefore, the court is not granting plaintiff leave to file another amended complaint.

V.

ORDER

For the reasons given above,

The court ORDERS that Defendants' motion for summary judgment be, and is hereby, granted, and that all claims and causes of action asserted by plaintiff against Defendants be, and are hereby, dismissed.

13

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissal.

SIGNED October 29, 2014.

_____
JOHN McBRYDE
United States District Judge

14