IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
         FILED

    OCT 3 0 2014

CLERK, U.S. DISTRICT COURT
By_____
          Deputy
```

NELDA DAVIS,                        §
                                    §
          Plaintiff,                §
                                    §
VS.                                 §   NO. 4:14-CV-491-A
                                    §
THE CITY OF FORT WORTH, ET AL.,     §
                                    §
          Defendants.               §

MEMORANDUM OPINION
and
ORDER

Now before the court for consideration and ruling are the
motions of defendants Officer Amy Olson ("Olson") and Officer
Dacian Halmagean ("Halmagean") to dismiss for failure to state a
claim.  The court has concluded that such motions should be
granted in part and denied in part, as set forth below.

I.

History and Nature of the Litigation

The court hereby refers to, and adopts by reference, for the
history and nature of this litigation the discussions on those
subjects contained in the memorandum opinion and order issued in
this action on October 29, 2014.  The motions to dismiss now
under consideration were filed by Olson and Halmagean on
September 10, 2014.

II.

## The Parts of the Motions that the Court is Granting

A.  ## The Official Capacity Claims Against Olson and Halmagean are Redundant

Plaintiff, Nelda Davis, sues Olson and Halmagean in their official capacities as police officers with the Fort Worth Police Department as well as individually.  Inasmuch as the Fort Worth Police Department is simply a department of the City of Fort Worth ("City"), the effect of the official capacity claims against the Fort Worth Police Department is that they are actually official capacity claims against City.  The official capacity claims are redundant inasmuch as they are deemed to be claims against City, which also is a defendant.  Monell v. New York Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978).  See also Pearlman v. City of Fort Worth, Tex., No. 4:08-CV-393-A, 2008 WL 4787650 (N.D. Tex. Oct. 30, 2008), aff'd 400 F. App'x 956 (5th Cir. 2010).  Therefore, the official capacity claims against Olson and Halmagean are being dismissed without prejudice.

B.  ## The State Law Claims Against Olson and Halmagean are Being Dismissed

Olson and Halmagean each asserts as a ground for dismissal of the state law claims applicability of section 101.106(f) of

the Texas Civil Practice and Remedies Code, which reads as
follows:

> If a suit is filed against an employee of a
> governmental unit based on conduct within the general
> scope of that employee's employment and if it could
> have been brought under this chapter against the
> governmental unit, the suit is considered to be against
> the employee in the employee's official capacity only.
> On the employee's motion, the suit against the employee
> shall be dismissed unless the plaintiff files amended
> pleadings dismissing the employee and naming the
> governmental unit as defendant on or before the 30th
> day after the date the motion is filed.

A review of the allegations in plaintiff's second amended
complaint discloses that plaintiff clearly is claiming that the
police officer defendants were acting within the scope of their
general employment as police officers for City when they engaged
in the conduct about which plaintiff complains.  The "it could
have been brought under this chapter against the governmental
unit" element of section 101.106(f) is satisfied by the principle
announced by the Texas Supreme Court in <u>Mission Consol. Indep.
Sch. Dist. v. Garcia</u> that:

> "[A]ll tort theories alleged against the governmental
> unit, whether it is sued alone or together with its
> employees, are assumed to be under [the Tort Claims
> Act] for purposes of section 101.106."

253 S.W.3d 653, 659 (Tex. 2008)(quotation marks omitted).  <u>See
also</u> <u>Kelemen v. Elliott</u>, 260 S.W.3d 518, 522 (Tex. App.--Houston
[1st Dist.] 2008, no pet.); <u>Pearlman</u>, 2008 WL 4787650 at *2-4,

3

aff'd 400 F. App'x at 959.  Thus, not only could City have been sued, it was sued as a defendant in this action, and the suit is presumed to have been brought under the Tort Claims Act for the purposes of section 101.106.  The motions of Olson and Halmagean seeking dismissal of the state law claims pursuant to section 101.106(f) were filed more than thirty days ago, on September 10, 2014.  Therefore, the court is dismissing plaintiff's state law claims against Olson and Halmagean.

III.

### The Remaining Claims

Though Olson and Halmagean have made persuasive arguments as to why plaintiff's claims (claims of excessive force and unreasonable seizure under the Fourth Amendment, and failure to render medical care in alleged violation of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment) against them under 42 U.S.C. § 1983 should be dismissed, the court is reluctant to make a summary disposition of any of those claims based on the motions of the officers to dismiss for failure to state a claim.  The court has concluded that the more appropriate method of seeking a summary disposition as to the remaining claims would be through the motion for summary judgment procedures contemplated by Rule 56 of the Federal Rules of Civil Procedure.  Therefore, the court is denying the motions to

4

dismiss as to those claims.  If Olson and Halmagean wish to seek summary disposition of those claims by motions for summary judgment, the court suggests that they make a timely filing of those motions.

## IV.

### ORDER

For the reasons stated above,

The court ORDERS that the motions to dismiss filed by Olson and Halmagean be granted in part and denied in part, as set forth above.

The court further ORDERS that the claims and causes of action asserted against Olson and Halmagean in their official capacities be, and are hereby, dismissed without prejudice.

The court further ORDERS that all state law claims asserted by plaintiff against Olson and Halmagean be, and are hereby, dismissed for the reasons stated above.

SIGNED October 30, 2014.

_____
JOHN McBRYDE
United States District Judge